IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL EUGENE TANN,            *

Plaintiff,                       *

v                                *        Civil Action No. WDQ-14-0926

JUDGE PAUL W. GRIMM              *
U.S. MARSHAL
                                 *
Defendants.
                                ***

# MEMORANDUM

Michael Eugene Tann sued the Honorable Paul W. Grimm and the U.S. Marshal for "failing to properly execute the service of summon in his lawsuit which led to the undeserved dismissal" of *Tann v. Fisher*, Civil Action No. WDQ-11-121. ECF No. 1 at 1.

Tann moved to proceed *in forma pauperis* and filed a financial affidavit demonstrating that he is indigent. *See* ECF No. 2. Tann's motion to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Mindful that Tann is a *pro se* litigant, this Complaint will be held to a less stringent standard than that drafted by an attorney. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (discussing liberal construction of *pro se* pleadings). Federal courts are charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## BACKGROUND

Plaintiff filed Civil Action No. WDQ-11-121, on January 13, 2011, and had 120 days thereafter to effect service of process. *See* Fed. R. Civ. P. 4(m). The Complaint presented claims arising from Tann's January 16, 2008 arrest by Towson University Police Corporal Thomas Fisher,[1] including allegations of Fourth Amendment violations, kidnapping, assault, false imprisonment, and "tortous acts of brutality [sic]." ECF No. 1 at 2. Tann was granted leave to proceed *in forma pauperis* in the case, and directed to complete U.S. Marshal service of process form.

Tann did not properly complete the form and, as a result, the U.S. Marshal served Towson University Police Department, not Corporal Fisher. On March 25, 2011, Corporal Fisher, by his counsel, filed a Motion to Dismiss for insufficient service of process. Tann replied, asserting service was proper. Instead of attempting to cure the deficiency during the 120-day time period for service, Tann asked Defendant to waive service of process pursuant to Rule 4(d)(1). Civil Action No. WDQ-11-121, ECF No. 9. After Defendant voluntarily signed the waiver form, Tann failed to follow Rule 4 and timely file the waiver form with the Court prior to the expiration of the time to effect service of process. *See* Fed. R. Civ. P. 4(d)(4) (only after plaintiff files a waiver is proof of service not required.).

---

[1] Tann's claims and his efforts to effectuate service are fully set forth in the Memorandum and Order (ECF No. 16) in *Tann v. Fisher*, Civil Action No. WDQ-11-121, and will not be repeated here.

On June 24, 2011, the case was referred to then Magistrate Judge Paul Grimm[2] for all purposes. Civil Action No. WDQ-11-121, ECF No. 15. By memorandum and order entered July 8, 2011, Judge Grimm granted Defendant's Motion to Dismiss (ECF No. 16), finding that Tann had not shown proper service and failed to act to obtain service after being alerted of the deficiencies by Defendant's Motion to Dismiss. Finding Tann had not shown good cause to extend the time to effectuate service, Judge Grimm dismissed the case without prejudice. *See id.* The decision was affirmed on appeal by United States Court of Appeals for the Fourth Circuit. CA4. No. 11-2007.

In the instant Complaint, Tann claims the "unnamed" U.S. Marshal violated his right to due process under the Fifth Amendment by failing to perform required duties in the legally proscribed manner and required by Fed. R. Civ. P. 4(c)(3). Tann faults Judge Grimm for failing "to adhere to established procedures in the adjudication of his case." ECF No. 1 at 6. Tann complains the "U.S. Marshall [sic] Service was responsible for effecting Plaintiff's service of process and Judge Grimm was responsible for seeing that all court orders were properly executed." *Id.* As relief, Tann demands $20 million dollars in compensatory damages and punitive damages of unstated sum. Later he filed "Motion to Effect Rule 19 Required Joinder of Defendants," to join Kim McDermott, a U.S. Marshal Service employee, as a defendant. As Tann intends to amend the Complaint to add McDermott as a defendant, the Motion will be treated as a Motion to Amend and granted.

## DISCUSSION

Tann's claims against Judge Grimm are predicated on the performance of his judicial duties, in this case his decision to dismiss Tann's earlier case for lack of proper service. Judges

---

[2] Judge Grimm is presently a United States District Court Judge.

are entitled to immunity to suit in the performance of their judicial functions. *See Mireless v. Waco*, 502 U.S. 9, 13 (1991). The doctrine of judicial immunity is founded upon the premise that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *See id.* at 10 (internal citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Further, judicial immunity is a shield from suit, not just from assessment of damages. *Mireless*, 502 U.S. at 11. Accordingly, the claims against Judge Grimm must be dismissed as a matter of law.

Claims against a federal officer are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). Liability in a *Bivens* case is "personal, based upon each defendant's own constitutional violations." *Truloch v. Freeh*, 2755 F.2d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, in order to establish liability in a *Bivens* case, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights. *See Wright v. Smith*, 21 F.3d 496, 501 (2nd Cir. 1994); *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). Tann does not allege any facts to show the U.S. Marshal was personally involved in the constitutional violation. *See Vinnedge v Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). Similarly, he does not attribute to Kim McDermott specific actions or omissions amounting to a constitutional claim.

To the extent Tann intends to present a Federal Tort Claims Act ("FTCA") claim he fares no better. The FTCA provides that a suit against the United States is the exclusive remedy for a suit for damages for injury resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 2679(b)(1). Plaintiff does not claim to have filed an administrative claim with the U.S. Marshal Service, and the FTCA's limited waiver of sovereign immunity only applies if the claimant has "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *Id.* § 2675(a); *see also Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (presentment of administrative claim is jurisdictional and cannot be waived). Absent administrative review, the claims cannot proceed.

For these reasons, the Complaint will be denied and dismissed with prejudice for failure to state a claim upon which relief can be granted by separate Order to follow.

6/6/14
Date

William D. Quarles, Jr.
United States District Judge